

# NUMBER 13-14-00105-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RICARDO RODRIGUEZ,                                            Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

## On appeal from the 28th District Court
of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Ricardo Rodriguez pleaded guilty to one count of impersonating a public

servant, a third-degree felony. *See* TEX. PENAL CODE ANN. § 37.11 (West, Westlaw

through 2013 3d C.S.). Pursuant to the plea agreement, the trial court sentenced

Rodriguez to ten years' community supervision. Subsequently, the State filed a motion to revoke. After Rodriguez pleaded true to the allegations in the motion, the trial court revoked his community supervision and sentenced him to five years' imprisonment. This appeal followed.

Determining that the appeal in this cause is frivolous and without merit, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm the judgment of the trial court.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, Rodriguez's counsel filed a brief stating that, after a review of the record, an appeal in this case would be frivolous "as there are no colorable issues to raise." *See* 386 U.S. 738, 744–45 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no meritorious grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), counsel has demonstrated that he has complied with the requirements of *Anders* by discussing

why, under controlling authority, any appeal from the judgment would be without merit and frivolous. Counsel specifically determined, after examining the record, that: (1) generally, appellant may not appeal matters related to his original plea proceeding after his community supervision has been revoked and his adjudication of guilt formally made, and no exception to this general rule applied; (2) the indictment complied with the law; (3) Rodriguez made no objections at the revocation hearing and pleaded true to the allegations in the motion to revoke; (4) the five-year sentence was within the range of punishment allowed for a third-degree felony; (5) the judgment reflected the appropriate sentence and time-served credit; and (6) trial counsel provided effective assistance. Counsel has also informed this Court, in writing, that he has: (1) notified Rodriguez that counsel has filed an *Anders* brief in support of his motion to withdraw as counsel; (2) provided Rodriguez with copies of the pleadings; (3) informed Rodriguez of his right to file a pro se response,[1] to review the record preparatory to filing that response, and to seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (4) provided Rodriguez with a form motion for pro se access to the appellate record, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–19; *Stafford*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. An adequate time has passed, and Rodriguez has not filed either

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

a timely motion seeking pro se access to the appellate record or a motion for extension of time to do so. And he has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Pension v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has asked this Court to grant his motion to withdraw as counsel for Rodriguez. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that this Court carried with the case on September 15, 2014. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the

4

opinion and judgment to Rodriguez and to advise Rodriguez of his right to pursue a petition for discretionary review.[2] *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ<br>
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the 4th
day of December, 2014.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* at R. 68.4.